UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KATHLEEN T. GODFREY  and | CIVIL ACTION |
| JERRY M. GODFREY | |
| | |
| VERSUS | NO. 06-4739 |
| | |
| MICHAEL CHERTOFF, SECRETARY | SECTION "K"(1) |
| OF THE DEPARTMENT OF HOMELAND | |
| SECURITY, UNITED STATES OF AMERICA, | |
| and R. DAVID PAULISON, DIRECTOR/ | |
| UNDERSECRETARY FOR THE FEDERAL | |
| EMERGENCY MANAGEMENT AGENCY | |

## ORDER AND OPINION

Before the Court is a Motion for Summary Judgment filed on behalf of defendant Michael Chertoff, Secretary of the Department of Homeland Security, United States of America, and R. David Paulison, Director, Federal Emergency Management Agency (FEMA) (Doc. 17).  Having reviewed the pleadings, memoranda, and relevant law, the Court, for the reasons assigned, grants the motion for summary judgment.

## BACKGROUND

On August 29, 2005, Kathleen and Jerry Godfrey had in effect on their multi-unit rental property located at 2925 -2927 Wytchwood Drive in Metairie, Louisiana, a Standard Flood Insurance Policy ("SFIP") issued under the federal government's National Flood Insurance Program ("NFIP") and purchased directly from FEMA.  The Wytchwood property sustained damaged as a result of Hurricane Katrina.

On September 21, 2006,  Kathleen and Jerry Godfrey filed a Notice of Loss  with FEMA to recover certain damages sustained by the property.  FEMA opened a claim file and on September

26, 2005, made an advance partial payment to the Godfreys.  FEMA then engaged Valco USA ("Valco"), an independent adjusting firm, to determine the cause and extent of the claimed damages. After inspecting the property, an adjuster representing Valco concluded that there were no signs of flooding on the property; he  attributed all damage to wind and the resulting power outage.  At the Godfreys' request, a second Valco adjuster inspected the property.  After that adjuster inspected the property and spoke to owners and residents of nearby properties,  he concluded that the damage was "inconsistent with flood damage." Declaration of Karen Christina, ¶ 25-26 (Doc.17-3).

On April 6, 2006, FEMA sent the Godfrey's a letter denying  their flood claim after concluding that the  water damage to the property did not "come from a general condition of flood." The April 6, 2006, letter advised the Godfreys that they could file suit against FEMA, and  that FEMA did "not intend to waive or relinquish any of our rights or defenses, either listed or unlisted, under this policy of insurance."  Attachment No. 1 to Declaration of Karen Christian, p. 0032 (Doc. 17-3).  Thereafter  FEMA did not receive a proof of loss form from the Godfreys nor did the Godfreys provide FEMA with any further information related to the claim.

On August 25, 2006, the Godfreys filed suit against Michael Chertoff, Secretary of the Department of Homeland Security and R. David Paulison, Director of FEMA,  seeking damages under the FEMA issued flood insurance policy as well as legal interest, penalties, and attorneys fees. The Godfreys demanded a trial by jury.

Defendants filed a motion for summary judgment seeking  to dismiss plaintiffs' claims  on the following grounds: 1) the property damage for which plaintiffs seek recovery was not caused by a general condition of flooding; 2) plaintiffs failed to file a proof of loss detailing the actual cash value of their loss or certifying any damage caused by flood; 3) plaintiffs are not entitled to a jury

trial; and 4) the National Flood Insurance Act ("NFIA") does not permit the recovery of interest, costs, and attorney's fees.

## LAW AND ANALYSIS

The Federal Rules of Civil Procedure provide that summary judgment should be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. *Stults v. Conoco, Inc.*, 76 F.3d 651, 655-56 (5th Cir.1996) (*citing Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 912-13 (5th Cir.1992) *(quoting Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986), cert. denied, 506 U.S. 832 (1992)). When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. The nonmoving party must come forward with "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U .S. 574, 587 (1986) (emphasis supplied); *Tubacex, Inc. v. M/V RISAN*, 45 F.3d 951, 954 (5th Cir.1995).  Thus, where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no "genuine issue for trial." *Matsushita Elec. Indus. Co.*, 475 U.S. at 588. Finally, the Court notes that substantive law determines the materiality of facts and only "facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Plaintiffs concede that they are not entitled to a jury trial on their claims and that the

defendants are entitled to summary judgment on the claim for attorneys fees.  However, plaintiffs

oppose the motion in all other respects.

The NFIP is a federally supervised and guaranteed insurance program administered by

FEMA.  Claims paid on FEMA issued flood insurance policies are funded through the United States

Treasury.  *Forman v. Federal Emergency Management Agency*, 138 F.3d 543, 545 (5th Cir. 1998).

Because plaintiffs seek to recover benefits under an insurance policy issued pursuant to a federal

program, the provisions of the policy must be strictly construed and enforced.  *See Gowland v. Aetna*,
143 F.3d

951, 954 (5th Cir. 1998).

The NFIP requires a policyholder seeking payment  under a flood policy to submit a proof

a of loss within sixty (60) days after the loss.  44 C.F.R. Pt. 61, App. A(1), Art. VII(J)(4). However,

by letter date August 31, 2005, David I. Maurstad, the Acting Federal Insurance Administrator,

expressly modified the proof of loss requirement  to require the filing of a  proof of loss only when

"a policyholder disagrees with the insurer's adjustment, settlement, or payment of the claim." Doc.

17-4 ("Government Exhibit 2"), at 1.    In such cases, "a policyholder may submit to the insurer a

proof of loss within one year from the date  of the loss"; the proof of loss must meet the requirements

out in the insurance policy *Id.*  The SFIP  provides that the proof of loss must include specific

information, including  ". . . (f) [s]pecifications of damaged buildings and detailed repair estimates,

. . ." as well as "an inventory of damaged property showing the quantity, description, actual cash

value, and amount of loss."  44 C.F.R. Pt. 61, App. A(1), VII, J7, 4(f) , (i).  Additionally, the proof

of loss must be sworn.  44 C.F.R. Pt. 61, App. A(1), VII J3.   The "failure to timely file  a [proof of

loss] complying with the regulatory requirements is a valid basis for denying an insured's claim.

*Wright v. Insurance Company*, 415 F.3d 384, 387 (5th Cir. 2005), (citing *Neuser v. Hocker*, 246 F.3d

4

508, 510 (6th Cir. 2001), *Gowland v. Aetna*, 143 F.3d at 954).

In support of their motion for summary judgment, defendants filed a declaration by Karen Christian, an Insurance Examiner for the Mitigation Division, Federal Emergency Management Administration, United States Department of Homeland Security, stating that the Godfreys did not submit any additional documentation to FEMA following the denial of their claim in April 2006. Doc. 17-3, ¶ 37. Plaintiffs have submitted no evidence documenting that they did in fact file a proof of loss within one year of their loss. Rather, they simply state that they have "satisfied all conditions precedent in bringing this claim for loss," urge that "defendant acknowledged evidence of this loss . . . when it paid them a portion of their total losses," and state that they worked with FEMA's adjuster " by attempting to show him the extensive damage caused by the flooding." Moreover, they acknowledge that "[u]nfortunately, due to market conditions, they have been unable to get a detailed estimate of flood related damages . . .." Doc. 25, p. 6-7. None of the statements offered by plaintiffs or the actions described by plaintiffs, considered individually or together, are sufficient to satisfy the strictly construed requirements for filing a proof of loss. Plaintiffs have failed to show that there is a genuine issue of material fact concerning whether they filed a proof of loss.

Because plaintiffs have failed to establish that there is a genuine issue of material fact concerning the statutory prerequisite that an insured seeking to recover damages under a SFIP must file a proof of loss, the Court need not address defendants' remaining basis for summary judgment, i.e. that damage to plaintiffs' property did not result from a general condition of flooding. Accordingly,

**IT IS ORDERED** that defendants' motion for summary judgment be and hereby is **GRANTED**;

**IT IS FURTHER ORDERED**  that plaintiff's action be and hereby is **DISMISSED WITH PREJUDICE.**

New Orleans, Louisiana, this 1st day of October, 2007.

STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE

6